UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JUDY MICHEL                                      )
721 Fallsgrove Drive, Apt. 2020                  )
Rockville, Maryland 20850,                       )
                                                 )
            Plaintiff                            )
                                                 )
vs.                                              )  C.A. No._____
                                                 )
GAVI Alliance                                    )
1776 I Street, N.W., Suite 600                   )
Washington, D.C. 20006                           )
                                                 )
  Serve:                                         )
Superintendent of Corporations                   )
District of Columbia                             )
 Dept. Of Consumer & Regulatory Affairs )
Corporations Division                            )
1100 4th Street, S.W., 4th Floor                 )
Washington, D.C. 20024                           )
                                                 )
            Defendant.                           )
_____)

COMPLAINT

        Plaintiff Judy Michel, by counsel, hereby complains and
alleges as follows:

I. NATURE OF CASE

        1.   This is an action brought under the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. §201 et seq., and the District of Columbia
wage hour statute, D.C. Code §32-1001 et seq., by Judy Michel
against Defendant GAVI Alliance for overtime violations of the FLSA
and the District of Columbia wage hour statute.

II. JURISDICTION AND VENUE

        2.   This Court has subject matter jurisdiction over the FLSA
claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.  This Court has
supplemental jurisdiction over the state law claims under the

District of Columbia wage hour statute under 28 U.S.C. §1331.  The claims arise form a common nucleus of operative facts.

3.    Venue is proper in this district by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.  Plaintiff was employed by Defendant in the District of Columbia and worked in the District of Columbia for all and/or for a  substantial part of her employment with Defendant.

### III. THE PARTIES

4.    Plaintiff Judy Michel is a resident of Montgomery County, Maryland.  Plaintiff was employed by Defendant, working in the District of Columbia. Plaintiff worked for Defendant in the District of Columbia from on or about April 15, 2011 through on or about April 15, 2013.  Plaintiff worked as an administrative assistant.  Plaintiff has been also known as Judy Michel-Kitson.

5.    Defendant GAVI Alliance is an organization, organized under the laws of Switzerland, with its principal place of business in Switzerland and/or the District of Columbia.  It has an office in the District of Columbia and has regularly conducted business activity in the District of Columbia at all times relevant herein. Some employees of Defendant worked in the District of Columbia at all times relevant herein.  GAVI Alliance has engaged in regular commercial and/or business transactions in the District of Columbia.

IV. <u>FACTS</u>

6.    Defendant GAVI Alliance had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

7.    Defendant GAVI Alliance was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

8.    Defendant engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states and/or countries, regularly sending mail to and receiving mail from persons in other states and/or countries, and making business transactions in interstate commerce, and using goods manufactured in other states and/or countries.

9.    Defendant was an employer of Plaintiff for purposes of the FLSA and the District of Columbia wage hour statute.

10.   Plaintiff engaged in commerce across state lines in the course of her employment with Defendant by, without limitation, using goods manufactured in other states, engaging in telephone calls across state lines, and sending emails across state lines and across international lines.

11.   Plaintiff regularly worked more than 40 hours a week for Defendant in the District of Columbia, but was not compensated for all of those hours worked.

12.   Defendant and/or its agents required and/or suffered or permitted Plaintiff to work overtime hours, in the District of Columbia.

13.   Defendant did not pay Plaintiff one and one-half times her FLSA regular rate of pay for all overtime hours worked.

14.   Plaintiff regularly worked uncompensated hours, including uncompensated overtime hours, with the actual and/or constructive knowledge of Defendant.

15.   Defendant GAVI Alliance benefitted from the uncompensated overtime hours worked by Plaintiff.

16.   Defendant and/or its management officials instructed Plaintiff to decrease the hours of overtime that she recorded.

17.   However, Plaintiff was still expected to complete work assignments in a timely manner.

18.   Plaintiff was required to work uncompensated overtime to complete work assignments in a timely manner.

19.   Plaintiff regularly answered emails from Defendant's Geneva, Switzerland office outside of normal work hours and off-the-clock, typically using the Blackberry device provided to her by Defendant.

20.   Defendant and/or its management officials knew that Plaintiff regularly answered emails outside of normal work hours and off-the-clock and benefitted from Plaintiff's uncompensated work hours answering emails.

21.   Plaintiff regularly worked all or part of her purported lunch break, without compensation.

22.   Plaintiff was regularly not relieved from duty for her purported lunch break.

23.  Plaintiff regularly worked extended hours in the evening, without compensation.

24.  Plaintiff regularly worked on weekends, without compensation.

25.  Defendant provided Plaintiff with a FOB, which allowed her to gain access to the office building in which Defendant's office was located 24 hours a day, seven days a week.

26.  Defendant had a system by which Plaintiff was able to gain access to the office suite, 24 hours a day, seven days a week, through use of Plaintiff's finger print, as a bio scan.

27.  Defendant classified Plaintiff's position as non-exempt from overtime requirements.

28.  Defendant paid Plaintiff overtime compensation for some of her overtime hours of work.

29.  Defendants and/or their agents knew that Plaintiff was working uncompensated overtime hours.

30.  Defendant either knew that it was unlawful to fail to pay overtime compensation to Plaintiff for all hours worked over 40 in a workweek, or acted in reckless disregard of the law in not knowing that such actions were unlawful.

V. CLAIMS FOR RELIEF

COUNT ONE
VIOLATION OF FLSA OVERTIME REQUIREMENTS

31.  The allegations of the preceding paragraphs are here realleged.

32.  Defendant did not compensate Plaintiff for all hours that Defendant required and/or "suffered or permitted" Plaintiff to work

5

for Defendant with the actual or constructive knowledge of Defendants.

33. Defendant regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

34. Defendant did not pay Plaintiff one and one-half times her FLSA regular rate of pay for all of the hours she worked in excess of 40 in each workweek (i.e., Defendant did not pay overtime compensation required by law for all overtime hours worked).

35. Defendant regularly and willfully violated the FLSA by not compensating Plaintiff for all hours she was required and/or "suffered or permitted" to work for Defendant and/or for not paying all overtime compensation due to Plaintiff.

36. By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendant GAVI Alliance for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

COUNT TWO
VIOLATION OF D.C. WAGE HOUR ACT OVERTIME REQUIREMENTS

37.  The allegations of the preceding paragraphs are here realleged.

38.  Plaintiff regularly spent over 50 percent of her working time in the District of Columbia and was otherwise covered by the District of Columbia wage hour statute during her employment with Defendant.

39.  Defendant did not compensate Plaintiff for all hours that Defendant required and/or "suffered or permitted" Plaintiff to work for Defendant with the actual or constructive knowledge of Defendant.

40.  Defendant regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

41.  Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all of the hours she worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

42.  Plaintiff regularly worked more than 40 hours a week in the District of Columbia.

43.  Defendant regularly and willfully violated the District of Columbia wage hour statute by not compensating Plaintiff for all hours she was required and/or "suffered or permitted" to work for Defendant and/or for not paying all overtime compensation due to Plaintiff.

7

44.  By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs.

WHEREFORE, Plaintiff demands judgment against Defendant GAVI Alliance for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.


Respectfully submitted,
JUDY MICHEL
By counsel:


/s/ John J. Rigby

John J. Rigby
D.C. Bar No. 255539
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com